IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Crim. A. No. 06-99 (JJF) |
| NINA DENISE JOHNSON, | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Sophie E. Bryan, Assistant United States Attorney, and Eleni Kousoulis, Esq., attorney for the defendant, Nina Denise Johnson, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment, which charges her with theft of government property, in violation of Title 18, United States Code, Section 641, the maximum penalty for which is a term of imprisonment of ten years, a fine of $250,000, or both; three years supervised release; restitution; and a $100 mandatory special assessment.

3. The defendant understands that if she were to proceed to trial on Count I of the Indictment, charging a violation of Title 18, United States Code, Section 641, the government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) the defendant knowingly and willfully, (2) embezzled, stole, purloined, and converted to her own use, (3) money (4) of the United States or any department or agency thereof, (5) exceeding

$1,000 in value.

4. The defendant knowingly, voluntarily, and intelligently admits that from June 2001 to July 2003, in the State and District of Delaware, she stole a total of $8,147.60 in funds of the Social Security Administration, an agency of the United States government, by falsely reporting Social Security Administration benefit checks as lost or stolen and then negotiating both the original checks and the replacement checks.

5. Based on the defendant's actions to date, the United States agrees that the Court should grant a two-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees because the defendant has timely notified the authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant, subsequent to the entry of the guilty plea, perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1, the government reserves the right to modify its position on this issue.

6. The defendant agrees to pay a $100 special assessment at the time of sentencing. The defendant agrees to make full restitution to the Social Security Administration in the amount of $8,147.60.

7. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the

sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea. The parties stipulate and agree that, pursuant to Sentencing Guidelines Section 2B1.1(b)(1), the base offense level for Count I is 8.

9. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence, and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                      COLM F. CONNOLLY
                                      United States Attorney

_____    BY: _____
Eleni Kousoulis, Esq.                                Sophie E. Bryan
Attorney for Defendant                            Assistant United States Attorney

_____    Dated:
Nina Denise Johnson
Defendant


**AND NOW** this _____ day of _____, 2007, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.


                                    _____
                                    Honorable Joseph J. Farnan, Jr.
                                    United States District Court
                                    District of Delaware